IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                                                          1:19-cr-1995 KWR

CONRAD LUCERO,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Count 2 of the Indictment, filed October 2, 2020 **(Doc. 34)**. Having reviewed the parties' pleadings and exhibits, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

### BACKGROUND

On July 9, 2019, the Grand Jury returned an indictment charging Defendant Lucero with two counts, (1) for sexual abuse in violation of 18 U.S.C. § 2242 and (2) abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2). **Doc. 2.**

The indictment provides:

### Count 1

On or about March 20, 2019, in Indian Country, in Cibola County, in the District of New Mexico, the defendant, **CONRAD LUCERO,** an Indian, unlawfully and knowingly engaged in and attempted to engage in a sexual act with Jane Doe, and the sexual act consisted of contact between the mouth and the vulva and Jane Doe was physically incapable of declining participation in, and communicating unwillingness to engage in, that sexual act.
In violation of 18 U.S.C. §§ 1153, 2242(2)(B), and 2246(2)(B).

### Count 2

> On or about March 20, 2019, in Indian Country, in Cibola County, in the District of New Mexico, the defendant, **CONRAD LUCERO,** an Indian, unlawfully and knowingly engaged in and caused sexual contact with Jane Doe, and the sexual contact consisted of the defendant intentionally touching Jane Doe's genitalia directly and through clothing, with the intent to abuse, humiliate, harass, degrade, arouse and gratify the sexual desire of any person, and Jane Doe was physically incapable of declining participation in, and communicating unwillingness to engage in, that sexual contact.
> In violation of 18 U.S.C. §§ 1153, 2244(a)(2), and 2246(3).

*Id*.

## DISCUSSION

### The Parties' Assertions

Defendant moves to dismiss Count 2 of the indictment asserting that there is no evidence outside of his extra-judicial statement to law enforcement that a sexual contact occurred. **Doc. 34 at 1, 3.** Specifically, Defendant argues that, pursuant to the doctrine of corpus delicti, or the "corroborating evidence rule," there is no evidence, other than his statement to law enforcement, that he touched Jane Doe's vagina with his hand. *Id*. **at 3; Doc. 43 at 3**. The United States' argument in response is twofold: 1) the motion is premature without trial evidence and (2) even if the Court were to reach the merits of the motion, it anticipates that evidence at trial will sufficiently corroborate the truth of Defendant's statement that a sexual contact occurred. **Doc. 38 at 1, 5.**

### I.   The Motion is Premature

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)).  If those three standards are met, then the indictment "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009)

(quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)).  The indictment need only "quote[ ] the language of a statute and include[ ] the date, place, and nature of illegal activity." *Id.*

The government initially posits that the motion is not ripe for the Court's determination. *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994)  ("Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion.") (citing *United States v. King,* 581 F.2d 800, 802 (10th Cir.1978)). *Hall* provides a limited exception to this general rule, but cautions that it applies only in rare circumstances:

> Notwithstanding these general principles, this circuit has upheld a pretrial dismissal under Rule 12(b) based on the insufficiency of the evidence where the underlying facts were essentially undisputed and the government failed to object to the district court's resort to evidence beyond the four corners of the indictment…[W]e read *Brown* (925 F.2d 1301 (10th Cir.1991), and *Wood* (6 F.3d 692 (10th Cir.1993) [abrogated on other grounds]) as authority which allows a district court to dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case…We note, however, that such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception.

*Id.* at 1087-88.[1]

The government asserts, and the Court agrees, that this exception is not present in the instant action because it would necessitate looking "beyond the four corners" of the indictment to render a determination as to the sufficiency of evidence for Count 2, and because the government objects to the Court doing so. **Doc. 38 at 3.**  The Court notes that Defendant's Reply does not respond to this premise save for a general statement that he believes the motion is appropriate for the Court's consideration at this time. **Doc. 43 at 1.** ("Because the parties appear to agree on the

---

[1] Federal Rules of Criminal Procedure 12 governs pretrial motions.

essential allegations, and agree on what [Jane Doe] stated to law enforcement in contrast with what Mr. Lucero stated to law enforcement (all statements being recorded, and provided to the defense in discovery), Mr. Lucero submits the motion is appropriate for pretrial consideration."). Thus, the Court finds that the motion is premature and should be denied. However, even if the Court were to reach the merits it would decline Defendant's request.

## II.     *Corpus Delicti* and the Corroboration Rule

### The Doctrine of *Corpus Delicti*

The parties' contentions essentially boil down to competing interpretations of the corroboration rule standard and its requisite level of proof for evaluating the sufficiency of corroborative evidence with respect to extra-judicial statements. Defendant argues that there is no evidence other than his confession to authorities to support that he touched Jane Doe's vagina with his hand. **Doc. 34 at 3** (Noting that Jane Doe "does not recall" this happening in her statements to law enforcement.). In doing so, Defendant seeks to distinguish cases cited by the government, namely *United States v. Treas-Wilson* (3 F.3d 1406, 1409 (10th Cir. 1993)) and *United States v. Poe* (556 F.3d 1113 (10th Cir. 2009)), suggesting that the government has misconstrued the caselaw and positing that the corroboration rule requires specific, independent evidence beyond Defendant's extra-judicial confession to prove that a sexual contact occurred as purported in Count 2. **Doc. 43 at 1-2.** The Court disagrees with Defendant's analysis.

> The Tenth Circuit has summarized the evolution of the doctrine of *corpus delicti*:
>
> At its inception, the corroboration rule required that, "[i]n order to convict of serious crimes of violence, then capital offenses, independent proof was required that *someone* had indeed inflicted the violence, the so-called *corpus delicti.*" *Smith,* 348 U.S. at 153–54, 75 S.Ct. at 198**.** In *Opper,* the Court abandoned the independent proof requirement, instead requiring only that the evidence tend to establish the trustworthiness of the confession. 348 U.S. at 93, 75 S.Ct. at 164; *see also Chimal,* 976 F.2d at 610. The trustworthiness requirement, however, still extends only to

>   the corpus delicti, not the identity of the accused. *See United States v. Wilson,* 529
>   F.2d 913, 915 (10th Cir.1976).

*United States v. Treas-Wilson*, 3 F.3d 1406, 1409 (10th Cir. 1993) (emphasis in original).

The requisite showing is no longer as burdensome as Defendant suggests. In *Opper v. United States*, 348 U.S. 84, 93, 75 S. Ct. 158, 164–65, 99 L. Ed. 101 (1954), the United States Supreme Court rejected the type of independent corroborative evidence that Defendant argues is necessary here:

>   … [W]e think the better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth.

*See also United States v. Poe*, 556 F.3d 1113, 1126 (10th Cir. 2009) (…"[T]he "corroboration rule" requires only that the government present evidence establishing the trustworthiness of the extrajudicial confession. It is sufficient for the government to show that the crime was committed in a manner consistent with the statement."); *United States v. Irving*, 452 F.3d 110, 118 (2d Cir. 2006) ("In *Opper,* the Supreme Court rejected this traditional understanding of the *corpus delicti* rule, and held instead that the corroborating evidence need not prove the essential elements of the crime. *See* 348 U.S. at 93, 75 S.Ct. 158. Rather, the corroboration must prove that the confession was reliable, and must prove any elements of the crime to which the defendant did not confess. But the confession, if proven reliable, may serve as the only evidence reaching the *corpus delicti.*") The Court rejects Defendant's efforts to distinguish *Poe* and *Treas-Wilson* from the instant action. **Doc. 38 1-2 (**Arguing that the scope of those cases solely addressed the sufficiency of evidence

required to corroborate the identity of the alleged perpetrator as opposed to the issue presented here, whether the alleged sexual contact occurred.)

Here, the Court agrees with the government that there is sufficient independent, corroborative evidence in the allegations relating to Defendant's statement that he touched Jane Doe's vagina such that the issue should go to a jury. *Smith v. United States*, 348 U.S. 147, 156, 75 S. Ct. 194, 199, 99 L. Ed. 192 (1954) ("All elements of the offense must be established by independent evidence or corroborated admissions, *but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused*.") (emphasis added).

Pursuant to Defendant's Reply Brief, the parties largely agree on alleged facts from which the Court can conclude that Defendant's extra-judicial statement has been proven sufficiently trustworthy so as to reach the jury. **Doc. 43 at 1.** ("The government does not allege any facts that are inconsistent with Mr. Lucero's motion. Because the parties appear to agree on the essential allegations, and agree on what [Jane Doe] stated to law enforcement in contrast with what Mr. Lucero stated to law enforcement (all statements being recorded, and provided to the defense in discovery"). Those allegations include that Jane Doe informed law enforcement agents that she awoke to feeling Defendant's tongue on her vagina and that Defendant stated in an interview to the agents that he "touched [Ms. Doe] in an inappropriate place," including "with his hand, the outside of her vagina, on the pubic hair area." **Doc. 34 at 2.** The government includes further detail, providing that Jane Doe told to agents that she was asleep on the couch, awoke to Defendant over her with her pants down and his tongue on her. **Doc. 38 at 6**. Defendant in turn allegedly stated that he was on the couch with Jane Doe, pulled down her pants, and put his tongue on her pubic area. *Id.* The Court finds these allegations are sufficiently aligned to confirm the trustworthiness of Defendant's other statement to the agents that he also touched Jane Doe's vagina with his hand. *United States v. Chimal*, 976 F.2d 608, 610–11 (10th

Cir. 1992) ("The corroborating evidence is adequate if it supports the essential facts admitted sufficiently to justify a jury inference of the truth" of the confession. The quantity and type of independent evidence depend upon the facts of each case. Circumstantial evidence can be used to corroborate a confession.) (internal citation and quotations omitted).

The government provides an apposite case from the Eight Circuit, in which a defendant similarly argued that his extra-judicial confession "was insufficient to convict him because his admission that he had engaged in sexual intercourse with [a minor] was not corroborated and was the only evidence of intercourse, as opposed to other sexual activity, introduced at trial." *United States v. Iron Shield*, 462 Fed. Appx. 648, 649 (8th Cir. 2012). In that case the alleged victim could not recollect the alleged act, namely whether she and the defendant had sex, "did not believe they did," and there were no witnesses to the alleged sex act. *Id*. The Eighth Circuit nevertheless affirmed that there was sufficient evidence to go to the jury. ("…[T]he corroboration that the law requires must only bolster the reliability of a defendant's admission to render a case submissible; it need not independently establish all or any of the elements of the crime charged. The defendant's admission, if other evidence tends to show its reliability, is sufficient to do that.") *Id*. The Eighth Circuit found it sufficient that "[T]here was evidence that Iron Shield was lying on the floor in the apartment with [the minor] on the night in question, that they were embracing and kissing, that he removed her bra, and that they were lying under blankets together when they awoke the next morning." *Id*.

Here, the government argues thus, "In both cases, there is a confession to a sex act, and corroborative evidence that the defendants were in proximity to the victims, that the defendants had an opportunity to commit the respective sexual acts, and evidence suggesting sexual activity." **Doc. 38 at 7.** The Court concurs and finds it telling that Defendant has not responded to this argument.

For the foregoing reasons, the Court finds the motion premature, which is sufficient grounds alone to deny the motion, but also without substantive merit.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment Count 2 **(Doc. 34)** is **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE