# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 1:19-cr-01995-KWR-1

CONRAD LUCERO,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court upon Defendant's motion for compassionate release. Doc. 102. Defendant seeks compassionate release and a sentence reduction to time served under 18 U.S.C. § 3582. Having reviewed the record and applicable law, the Court will deny the motion.

## BACKGROUND

Defendant pled guilty to a violation of 18 U.S.C. § 2242(2)(B) to sexual abuse. Defendant was sentenced in this case on October 28, 2021, to a below guidelines range sentence of 48 months, followed by a term of supervised release. Doc. 99. This below guidelines range sentence was suggested by the parties as part of a Rule 11(c)(1)(C) plea agreement.

Defendant is housed at Federal Medical Center Fort Worth, with a projected release date of May 17, 2025. *See https://www.bop.gov/inmateloc/* (last accessed October 4, 2023).

Defendant filed his motion on September 8, 2023. The Government filed its response to the motion on September 20, 2023. As of the entry of this order, Defendant has not filed a reply. The Court assumes this motion is fully briefed and ready for decision.

**DISCUSSION**

Defendant filed his motion pursuant to 18 U.S.C. § 3582 requesting that his sentence be reduced to time served and that he be immediately released due to his medical conditions, which include sciatica, pulmonary diseases, and diabetes.

Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this rule and allowed for certain "compassionate release" sentence modifications under § 3582(c)(1)(A).

The Court may reduce a sentence under this provision if Defendant administratively exhausts his request and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent that they are applicable. *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021). Because there are currently no applicable policy statements for defendant-filed compassionate-release motions like Defendant's, only the first and third requirements are relevant here. *United States v. McGee*, 992 F.3d at 1050.[1]

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others. But when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at 1043.

---

[1] Although the Sentencing Commission has proposed policy statements and given guidance on extraordinary and compelling circumstances, it appears they will not take effect until November 1, 2023. *See United States v. Maumau*, 993 F.3d 821, 834, 836-37 (10th Cir. 2021).

The Court declines to reduce Defendant's sentence for the following reasons.[2]

## I. Defendant has not shown that extraordinary and compelling circumstances warrant a sentence reduction.

Defendant's motion should be denied because he has not shown extraordinary and compelling circumstances warranting a sentence reduction.

District courts have discretion to determine what constitutes extraordinary and compelling circumstances warranting a sentence reduction. *United States v. McGee*, 992 F.3d at 1045. In considering what constitutes extraordinary and compelling circumstances, the Court should consider the policy statements provided by the Sentencing Commission. *Id.* Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). As noted above, the Sentencing Commission's policy statements do not take effect until November 1, 2023. Therefore, the Court has discretion to consider whether the circumstances in this case are an extraordinary and compelling reason for a sentence reduction. *United States v. Wesley*, 60 F.4th 1277, 1283 (10th Cir. 2023).

Here, the Court concludes, in its discretion, that Defendant has not demonstrated extraordinary and compelling circumstances warranting a sentence reduction or immediate release.

Initially, the Court concludes that Defendant has not demonstrated that Federal Medical Center Fort Worth is unable to properly care for him and manage his chronic conditions. Defendant states that he suffers from chronic health conditions such as sciatica, diabetes, and respiratory illnesses from his extensive exposure to uranium as a miner. *See* Doc. 102 at 2-3.

---

2 The United States agrees that Defendant Conrad Lucero likely exhausted his administrative remedies and does not contest this issue, therefore, the Court will not address this requirement. *See* Doc. 103, at 4.

Defendant argues that his lung capacity is diminished, he is medicated for diabetes, and his sciatica has caused him to fall at FMC Fort Worth. *Id*. at 1. He asserts that, given his advanced age and projected deterioration both physically and mentally, these constitute extraordinary and compelling reasons for sentence reduction. *Id*. at 2-3.

Medical conditions that require chronic care and are effectively managed are not extraordinary and compelling reasons for compassionate release. *United States v. Gunkel*, No. 22-5055, 2022 WL 17543489, 2-3 (10th Cir. Dec. 9, 2022). Defendant has not shown that his chronic conditions are improperly managed by FMC Fort Worth. Furthermore, Defendant's chronic conditions have not materially changed since sentencing and appear well-managed and stable. *See* Doc. 103, at 5, citing Doc. 104-1 at 27-28, 32, 35, 37, 47, 48, 161, 200. As the Government notes, the Defendant has typically received medical care for acute medical issues, including viral infections, within twenty-four hours of requesting care. *See* Doc. 103, at 5, citing Doc. 104-1 at 12, 47. Two changes since sentencing, the temporary issuance of a wheelchair and discovery of his longstanding sciatica condition, are not considered extraordinary changes. *United States v. Salcedo*, No. 16-40040-01-DDC, 2023 WL 1434306 2 (D. Kan. Feb. 1, 2023). Upon reviewing the record, Defendant has not demonstrated that these medical conditions are likely to be terminal during his sentence or cannot be effectively managed at FMC Fort Worth. Therefore, the Court finds that the Defendant has not shown these conditions to be extraordinary and compelling circumstances warranting immediate release.

II.   **Applicable Sentencing Factors Under § 3553(a) do not favor release.**

Alternatively, even if Defendant established extraordinary and compelling circumstances for compassionate release and a sentence reduction, the applicable § 3553(a) factors do not favor reducing his term of imprisonment to time served. § 3582(c)(1)(A) (the court "may reduce the

4

term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable…").

Defendant asserts that he does not pose a danger to any other person or the community if released given his age and medical conditions. Doc. 102 at 4. Furthermore, Defendant argues that his good behavior while incarcerated warrants release. *Id*. The Court has reviewed the entire record in this case, including the briefing, the PSR, and his medical records. After considering and balancing all applicable § 3553(a) factors, the Court concludes that a sentence reduction is not warranted.

As noted by the Government, Defendant has been convicted of sexual assault of a sleeping woman, a serious offense. He committed this offense when he was 68 years old against a 40-year-old woman who viewed him as the clan-father and a father-figure. Doc. 81 at 5. Pursuant to a plea agreement, Defendant was sentenced to 48 months' imprisonment, when the PSR asserted his guideline range was 87-108 months. *Id*. at 13.

The Court has considered all applicable § 3553(a) sentencing factors. The Court concludes that reducing his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. Reducing his sentence would not further the need for deterrence. § 3553(a)(2)(A)-(D). Moreover, the Court finds that Defendant should serve the remainder of his sentence to protect the public from further crimes. *Id.* Defendant appears to rely primarily on his medical issues as warranting a sentence reduction. The Court finds that his age, medical conditions, and other characteristics do not outweigh the other sentencing factors or warrant a sentence reduction.

Therefore, the Court concludes that the applicable § 3553(a) factors do not weigh in favor of his requested sentencing reduction.

## CONCLUSION

Because Defendant (1) failed to show extraordinary and compelling circumstances for a sentence reduction and (2) the § 3553(a) factors do not weigh in favor of his requested sentence reduction, the Court will deny Defendant's motion **(Doc. 102)**.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release **(Doc. 102)** is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE